IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARVESTER EDWARDS,<br><br>Defendant. | Case No. CR11-2025<br><br>ORDER FOR PRETRIAL DETENTION |

On the 22nd day of April, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, John L. Lane.

## RELEVANT FACTS

On April 19, 2011, Defendant Arvester Edwards was charged by Indictment (docket number 9) with conspiracy to distribute heroin (Count 1), possessing one or more firearms in furtherance of a drug trafficking crime (Count 19), and possessing a firearm with an obliterated serial number (Count 20). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 20, 2011.

Cedar Rapids Police Officer Brian Furman, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charges. Defendant is named in a conspiracy to distribute heroin in Waterloo, Iowa, and Cedar Rapids, Iowa. As part of the investigation of the drug conspiracy, law enforcement placed wiretaps on telephones belonging to some of those involved in the conspiracy. Defendant was intercepted on the wiretaps 278 times, with 125 of the intercepts being classified as

1

"pertinent," or criminal in nature. Officer Furman testified that Defendant's role in the conspiracy was "lower-level," and involved a quantity of about 10 grams of heroin per week.

On February 15, 2011, authorities executed 17 search warrants, including a search of Defendant's residence. Law enforcement found four firearms, included two firearms which had obliterated serial numbers. Additionally, when they were found, three of the firearms were loaded. Law enforcement also found items associated with heroin use, heroin packaging, and apparent heroin cutting materials.

Defendant was also interviewed by law enforcement. Defendant admitted being a heroin user. He also told law enforcement that he found the firearms in Chicago and retained them to keep them away from the original owner(s). Defendant also stated that he needed the firearms for protection.

According to the pretrial services report, Defendant is 54 years old. He was born and raised in Chicago, Illinois, lived in Jackson, Alabama, from 1986 to 1991, returned to Chicago for one year, and then moved to Waterloo, where he has lived for the past 19 years. Defendant is currently married. He stated that he has been married to his current wife for 17 years.[1] He and his wife have no children. He was married previously, and had three children with his ex-wife. He also has three children from other prior relationships. Four of his six children are adults, and the other two children are minors.

Defendant has been self-employed doing home improvement work for the past 17 years. In 2010, Defendant underwent surgery on both of his knees and rotator cuffs. He is currently prescribed hydrocodone for pain relief. Defendant also suffers from schizophrenia. He is prescribed Seroquel for his mental illness. Defendant admitted using heroin 2-3 times per week since 2009. His last use was about one-and-one-half weeks before his arrest.

---

[1] According to his wife, they have been married for only about 11 years.

In 1973, at age 18, Defendant was convicted of criminal trespass. In 1978, Defendant was charged with battery. The charge was later stricken from the docket. In 1984, Defendant was charged and later convicted of felony theft. He was sentenced to 2 years of probation. In 1993, Defendant was charged with battery. The charge was later stricken from the docket.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute heroin, possessing one or more firearms

3

in furtherance of a drug trafficking crime, and possessing a firearm with an obliterated serial number which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* See also *United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute heroin, possessing one or more firearms in furtherance of a drug trafficking crime, and possessing a firearm with an obliterated serial number. It is difficult for the Court to weigh the evidence on the conspiracy count, but Officer Furman testified to evidence of Defendant being involved in 278 calls that were intercepted on wiretaps. One Hundred Twenty-Five of those calls were classified as "pertinent," or criminal in nature. Officer Furman also testified that Defendant was a "lower-level" participant in the conspiracy, and there was evidence that he distributed heroin with his brother and co-defendant, Arthur Scott. With regard to the firearm charges, the weight of the evidence is strong. A search warrant was executed on Defendant's residence, resulting in the

seizure of four firearms. Two of the firearms had obliterated serial numbers. Defendant admitted retaining the firearms to keep them away from others and for his own protection.

The charges against Defendant are very serious. Involvement with drugs and guns is a dangerous combination. If convicted, Defendant faces a mandatory minimum 10-year prison sentence. Of particular concern to the Court is Defendant's possession of four firearms as a convicted felon, including two firearms with the serial numbers obliterated. Defendant is addicted to heroin and admits using heroin 2 to 3 times per week since 2009 until the date of his arrest. Even after his residence was searched on February 15, 2011, Defendant continued to regularly use heroin. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Based on the serious nature and circumstances of the offense, Defendant's possession of firearms as a felon, his continuing use of heroin, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 20, 2011) to the filing of this Ruling (April 25, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 25th day of April, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA